# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PEPE,<br><br>    Petitioner,<br><br>    v.<br><br>KIM HOLLAND,<br><br>    Respondent. | Case No. 1:14-cv-00201-AWI-GSA-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1 & 6) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Rebecca Whitfield of the Attorney General for the State of California.

On November 13, 2013, Petitioner filed the instant petition for writ of habeas corpus. In the petition, Petitioner claims the application of California Penal Code § 2933.6 by the California Department of Corrections and Rehabilitation (CDCR) with respect to his gang validation violates (1) the Ex Post Facto Clause of the Constitution; (2) the terms of his plea agreement; (3) the Due Process Clause; and (4) the Equal Protection Clause. (Pet., ECF No. 6).

On May 2, 2007, Petitioner entered a1plea of no contest to an Assault charge, and admitted a strike allegation. (Answer, Ex. A, ECF No. 21). Petitioner was sentenced to eight (8) years of imprisonment pursuant to California's Three Strikes Law. (Id.). Petitioner did not

appeal his conviction, but he has filed seven (7) state petitions for writ of habeas corpus. (LD[1] 1-13).

# I.

# DISCUSSION

### A. Preliminary Review of Petition

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### B. Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly

---

[1] "LD" refers to the documents lodged by the Respondent.

2

established in the holdings of [the Supreme] Court." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000)). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. at 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, 562 U.S. 115, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen v. Pinholster, 563 U.S. ——, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller–El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976–77 (2004).

Further, federal habeas courts review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is

unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

**C. Review of Claims**

1. Ex Post Facto

Petitioner contends that the January 25, 2010, amendment to California Penal Code § 2933.6, which denies credits to inmates who are validated prison-gang associates and who are housed in the security housing unit, violates the Ex Post Facto Clause because it changes the consequences of his 2009 gang validation to his disadvantage by denying him the ability to earn credits against his sentence, thereby lengthening his sentence by approximately fourteen (14) months.

On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction conduct credits, was amended to read:

> (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

In order for a law to be ex post facto, it must be both disadvantageous to the offender and retrospective. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). To determine if a law is retrospective, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." Id. at 31.

In Weaver, the United States Supreme Court noted "the ex post facto prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." Id. at 30. At the time Weaver was convicted of his commitment offense, he was eligible for a specific number of gain-time credits awarded for good conduct. Id. at 26. However, two years into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could accrue. Id. at 27. As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his time in prison simply through good conduct." Id. at

4

33–34. The amendment reduced inmate Weaver's credits through no fault of his own. Id. at 31. The only conduct triggering the application of the gain-time statute to inmate Weaver was his commission of the commitment offense, which took place two years prior to the amendment. Id. Thus, the new law effectively lengthened inmate Weaver's prison term.

In Lynce, the Supreme Court applied the two-part test set forth in Weaver to determine if a Florida law which revoked overcrowding credits that had already been awarded was ex post facto. Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The Court held the new law "retroactively cancelled all provisional credits awarded to inmates convicted of murder or attempted murder." Id. at 436. The law clearly disadvantaged inmate Lynce because it "had the effect of lengthening [Lynce's] period of incarceration." Id. at 443. As in Weaver, the only conduct triggering the new application of the law was the commission of the crime years earlier. Id.

In this instance, unlike the amendments in Weaver and Lynce, Section 2933.6 is not ex post facto because it is not retrospective, i.e., it does not punish inmates for conduct that was completed before the effective date of the amendment-January 25, 2010. Cal.Penal Code § 2933.6(a); Kansas v. Hendricks, 521 U.S. 346, 370–371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (holding Kansas' Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is not retrospective since it permits involuntary confinement based on a determination of current mental disorder, "and does not criminalize conduct legal before its enactment, nor deprive [petitioner] of any defense that was available to him at the time of his crimes"). Instead, as noted by Monterey County Superior Court, the amendment to the law applies to Petitioner because of his continued association with the Mexican Mafia prison gang after January 25, 2010. (LD 1). Petitioner is not being denied the privilege to earn credits after January 25, 2010, because of his pre-January 25, 2010, conduct. Rather, he is being denied the privilege to earn credits after January 25, 2010, because of his conduct after January 25, 2010. If Petitioner had not been an active associate of the gang after January 25, 2010, the law would not apply to him. Id.

Furthermore, the fact that Petitioner was validated as a prison gang associate before

5

January 25, 2010 is of no consequence to the ex post facto analysis here because the conduct being punished -active association with a prison gang- is continuing in nature and has continued after January 25, 2010. See, e.g., Madrid v. Gomez, 889 F.Supp. 1146, 1270–1279 (N.D.Cal. 1995) (upholding the gang validation process and the accompanying periodic reviews to ensure inmates are properly placed in the security housing unit based on their continuing gang affiliation); Cal.Code Regs. tit. 15, § 3378(c)(1) (defining current prison gang activity "as any documented gang activity within the past six (6) years"). Petitioner was denied the opportunity to earn credits from that point forward based on the determination that Petitioner continued to be a validated gang member. Id. Thus, there is no merit to Petitioner's claim that section 2933.6 is an ex post facto law violation, and the state court determinations that Petitioner challenges were not contrary to or an unreasonable application of existing Supreme Court precedent. In addition, Petitioner has not set forth clear and convincing evidence that the state courts made any factual errors. Therefore, Petitioner's Ex Post Facto claim is without merit.

2. Violation of Plea Agreement

Petitioner also claims that the denial of the right to earn good conduct credits post-January 25, 2010, breaches the plea agreement he entered into with respect to his underlying May 2, 2007 conviction.

**a. Procedural default**

Respondent alleges that Petitioner has procedurally defaulted this claim. Respondent contends that the state's denial of the claim with reference to In re Clark, 5 Cal. 4th 750, 767-69 (1993), procedurally bars the Court from considering the merits of this claim.

The Supreme Court has held that a federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state court's refusal to hear the merits of a claim because of petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds. Harris v. Reed, 489 U.S. 255, 260-61 (1989). This doctrine of procedural default is based on concerns of comity and federalism. Coleman, 501

U.S. at 730-32.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263. For California Supreme Court decisions, this means the Court must specifically have stated that it denied relief on a procedural ground. Ylst, 501 U.S. at 803; Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1993); Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1991). If the California Supreme Court denies a petitioner's claims without any comment or citation, the federal court must consider that it is a decision on the merits. Hunter, 982 F.2d at 347-48.

In this case, the California Supreme Court denied the second habeas petition that Petitioner presented to it, citing In re Clark. See Carter, 385 F.3d at 1197 (one-sentence summary denial of petition incorporating unelaborated case citation sufficient for procedural default). In citing to In re Clark, the California Supreme Court found the petition to be procedurally deficient; therefore, the California Supreme Court did not reach the merits of the petition, but determined that habeas relief was procedurally foreclosed.

On June 9, 2011, Petitioner filed his first petition for writ of habeas corpus in Kern County Superior Court on the grounds that California Penal Code 2933.6(a) violated the ex post facto clause of the federal or California Constitution. (LD 1). On July 18, 2011, the Superior Court denied the petition. On February 15, 2012, the California Court of Appeal Fifth District told Petitioner that for a challenge to Petitioner's plea agreement, "his remedy is to raise that argument in the appropriate court in the county of his conviction." (LD 3). Petitioner could have presented his claim challenging his plea agreement to the Monterey County Superior Court and then presented that claim along with his ex post facto claims to the California Supreme Court. However, Petitioner decided to first present a petition to the California Supreme Court.

On May 25, 2012, Petitioner filed his first petition for writ of habeas corpus in the California Supreme Court. (LD 4). On August 15, 2012, the California Supreme Court denied the petition without any reasons stated. (LD 5). On September 28, 2012, Petitioner filed a

7

petition for writ of habeas corpus challenging his plea agreement in Monterey County Superior Court. (LD 6). On November 13, 2012, that petition for writ of habeas corpus was denied. (LD 7).

Petitioner chose to proceed to the California Supreme Court before properly presenting his claims in the Monterey County Superior Court. Petitioner had the opportunity to properly exhaust his claims in state court, but his choice to do a piecemeal presentation of claims resulted in his claim concerning the violation of his plea agreement being procedurally barred. (LD 13).

If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750. Petitioner has failed to show cause for the procedural default, as it was his choice to proceed to the California Supreme Court with his first habeas petition prior to raising his plea agreement claim in the appropriate Superior Court. Petitioner has also failed to demonstrate that a fundamental miscarriage of justice will occur if the claim is barred from federal review. The miscarriage of justice inquiry is governed by the standard set forth in Murray v. Carrier, 477 U.S. 478 (1986). Murray requires a habeas petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. To satisfy Murray's "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Id. Here, Petitioner makes no such showing of actual innocence.

Accordingly, Respondent correctly argues that the claim is procedurally barred. Nevertheless, the Court will also address the claims since they are plainly without merit.

**b. Merits**

Petitioner claims he pleaded guilty and agreed to a term of 8 years and that the imposition of California Penal Code 2933.6(a) inflicts a greater punishment on him then what he agreed to as part of his plea bargain. (Pet., Ex. A). The plea agreement was not breached because Petitioner's status post-January 25, 2010, was a result of his behavior, which resulted in his

8

validation as a member of the Mexican Mafia prison gang, which poses a threat to the safety and security of the institution. Moreover, the law still allows Petitioner the opportunity to earn good credits, and he has such an opportunity if he debrief. Therefore, as Petitioner has not shown that his plea agreement was violated, this claim is without merit.

### 3. Due Process Violation

Petitioner contends the denial of credits violates his due process rights because he has a liberty interest protected by the Fourteenth Amendment.

A liberty interest may originate from the Due Process Clause or by state action. Hewitt v. Helms, 459 U.S. 460, 461, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); Wolff v. McDonnell, 418 U.S. 559 (1974). The Constitution ensures that a protected liberty interest is free from "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483–484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Under California law, "[c]redit is a privilege, not a right." Cal.Penal Code § 2933(c). Accordingly, Petitioner does not have a federal right to earn prison credits. Kalka v. Vasquez, 867 F.2d 546, 547 (1989). Furthermore, as previously stated, Petitioner was not deprived of earned credits; rather, only his eligibility or capacity to earn credit in light of his gang activity was modified by § 2933.6. Thus, Petitioner's due process challenge is without merit.

### 4. Equal Protection Violation

Petitioner contends that § 2933.6 violates the Equal Protection Clause of the Fourteenth Amendment.

Initially, there is no indication that this claim would affect the fact or duration of Petitioner's confinement and is not cognizable by way of § 2254. Furthermore, Petitioner fails to state facts sufficient to support his equal protection claim. Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. Wolff, 418 U.S. at 556; Bell v. Wolfish, 441 U.S. 520, 545–546, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). An equal protection violation typically involves state action that discriminates against members of a suspect class. State action

which does not implicate a fundamental right or suspect classification withstands scrutiny under the Equal Protection Clause so long as it bears a rational relation to a legitimate state interest. See City of New Orleans v. Dukes, 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976).

In this instance, Petitioner has failed to demonstrate that he is a member of a suspect class, that California Penal Code 2933.6 burdens a fundamental right, or that § 2933.6 is not rationally related to a legitimate state interest. Therefore, Petitioner has failed to demonstrate an equal protection violation.

## II.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 17, 2014**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE